COFFEY KAYE MYERS & OLLEY
BY:   ROBERT E. MYERS, ESQUIRE
IDENTIFICATION NO. 23762
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800                                                         Attorneys For:  Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DONAHUE<br>46 London Road<br>Brick, New Jersey 08723 | CIVIL ACTION |
| Plaintiff | |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| NEW JERSEY TRANSIT<br>RAIL OPERATIONS, INC.<br>One Penn Plaza East<br>Newark, NJ 07105-2246 | NO.: |
| Defendant | |

**COMPLAINT**

1. The plaintiff herein is John Donahue, a citizen and resident of the State of New Jersey, residing therein at 46 London Road, Brick, New Jersey 08723

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal

1

Safety Appliances Act," Title 49, U.S.C.A., §20301, et seq., and "The Federal Locomotive Inspection Act," Title 49 U.S.C.A., §20701, et seq.

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey and does business in the District of New Jersey.

4. At all times material hereto the defendant did business in Philadelphia County.

5. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

6. At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

7. At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

8. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9. As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual

duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10. The accident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. On or about October 13, 2013, at or about 12:10 P.M., and for some time prior thereto, plaintiff was employed by defendant, New Jersey Transit Rail Operations, Inc.

12. On the aforementioned date, and at the aforementioned time, plaintiff was a member of a crew of a train consisting of one engine and four passenger cars.

13. On the aforementioned date, and at the aforementioned time, said train was located at the Race Interlocking in Cherry Hill, New Jersey. As plaintiff was located on the engine, he was caused to lose his balance and/or slip and fall, resulting in the serious, painful and permanent personal injuries more particularly hereinafter set forth.

14. The aforementioned accident was caused by the negligence and carelessness of the defendant, its agents, servants, workmen and/or employees, and was not caused by any conduct on the part of the plaintiff.

15. The negligence of the defendant railroad consisted of the following:

    (a) Failing to inspect the subject locomotive;

    (b) Failing to discover the unsafe conditions of the subject locomotive;

    (c) Failing to properly repair the subject locomotive;

    (d) Failing to properly maintain the subject locomotive;

    (e) Failing to take appropriate remedies to prevent plaintiff from slipping or falling while located on the subject locomotive;

   (f) Failure to warn plaintiff of these dangerous conditions.

16. The railroad is also liable to the plaintiff because of its violation of the Federal Locomotive Inspection Act.

17. The aforesaid accident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Locomotive Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

18. As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injuries to his head, knees, arms and wrists. Plaintiff suffered fractures of both wrists requiring surgery. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff demands judgment against the defendant for a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

              COFFEY KAYE MYERS & OLLEY

          BY: _____
              ROBERT E. MYERS
              Counsel for Plaintiff